UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHATEREUS SHINEQUA COLVIN, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:21-CV-78-TAV-SKL |
| | ) |
| SENIOR HOUSING ALTERNATIVES, INC. doing business as Summit View Senior Community, | ) ) ) ) |
| *Defendant*. | ) ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Before the Court is Defendant's motion to compel discovery and disclosures from pro se Plaintiff [Doc. 14]. Defendant reports Plaintiff has not made disclosures, responded to discovery, or replied to attempts to communicate. In short, the motion states Plaintiff has ceased to participate in this case in any way. Further, the Court notes Plaintiff reportedly did not participate in the planning meeting and report required by Fed. R. Civ. P. 26(f) [Doc. 13]. In its pending motion, Defendant seeks discovery responses and an award of attorney's fees in connection with its motion to compel.

Rule 41(b) grants the court discretion to dismiss a case if a plaintiff fails to prosecute her case or fails to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation, internal quotations, and alteration omitted).

A court considering a Rule 41(b) dismissal must weigh four factors, none of which is dispositive:

> whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

The selection of the appropriate sanction, including dismissal for failure to prosecute, is a matter consigned to the discretion of the district court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633 (1962). However, dismissal with prejudice is a harsh remedy that should not be utilized without carefully weighing its appropriateness. *See e.g.*, *Mulbah*, 261 F.3d at 593 (court should have employed alternative sanction to protect integrity of pretrial procedures); *Stafford v. Miller Petroleum, Inc.*, No. 3:11-CV-206-PLR-HBG, 2014 WL 2481878, *3 (E.D. Tenn. June 3, 2014). "[T]he sanction of dismissal is appropriate only if the [plaintiff's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 738 (quoting *Wu*, 420 F.3d at 644). When a court considers the appropriate sanction for failure to prosecute an action, the more the delay was occasioned by a plaintiff's personal obstruction, the more suitable the remedy of dismissal.

Accordingly, it is **ORDERED** that within **14 days** of the entry of this Order, Plaintiff **SHALL** file a response to **SHOW CAUSE** that explains (1) why she did not respond to Defendant's discovery requests, (2) why she did not submit required disclosures to Defendant, (3)

why she did not participate in required planning and reporting under Rule 26, and (4) why a default judgment, as well as an award of attorney's fees to Defendant pursuant to Federal Rule of Civil Procedure 37, should not be entered against her by the Court. Plaintiff is hereby put **ON NOTICE** that her failure to show cause or any failure to fully comply with the Court's orders, including the deadlines set in this Order, will result in sanctions, up to and including dismissal of her claims with prejudice and might result in an award of attorney's fees incurred in connection with Defendant's filing of the motion to compel.

Further, Defendant is **ORDERED** to supplement the record by submitting an affidavit supporting its request for attorney's fees in connection with its motion to compel within **21 days,** *if* it intends to pursue such an award in the event Plaintiff's claims are dismissed.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3