UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHATEREUS SHINEQUA COLVIN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:21-CV-78-TAV-SKL |
| ) | |
| SENIOR HOUSING ALTERNATIVES, INC. ) | |
| doing business as ) | |
| Summit View Senior Community, ) | |
| ) | |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to compel discovery and disclosures from pro se Plaintiff [Doc. 14]. Defendant reports Plaintiff has not made disclosures, responded to discovery, or replied to attempts to communicate. In short, the motion states Plaintiff has ceased to participate in this case in any way. Also, Plaintiff did not participate in the planning meeting and report required by Fed. R. Civ. P. 26(f) [Doc. 13]. Finally, Plaintiff did not respond to the Court's memorandum and order ("Show Cause Order") requiring her to show cause why this case should not be dismissed and fees awarded to Defendant in connection with its motion to compel [Doc. 15].

I **FIND** Plaintiff (1) has not responded to Defendant's discovery requests, (2) has not submitted required disclosures to Defendant, (3) has not participated in required planning and reporting under Rule 26, or (4) shown cause why a default judgment, as well as an award of attorney's fees to Defendant pursuant to Federal Rules of Civil Procedure 41 and 37, should not be entered against her by the Court. Plaintiff was specifically put on notice that her failure to show cause or her continuing failure to fully comply with the Court's orders, including the deadlines set

by the Court would result in sanctions, up to and including dismissal of her claims with prejudice and might result in an award of attorney's fees incurred in connection with Defendant's filing of the motion to compel.[1]

The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation, internal quotations, and alteration omitted). Rule 41(b) grants the Court discretion to dismiss this case based on Plaintiff's failure to prosecute her case or her failure to comply with the Show Cause Order. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001).

The selection of the appropriate sanction, including dismissal for failure to prosecute, is a matter consigned to the discretion of the district court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633 (1962). However, dismissal with prejudice is a harsh remedy that should not be utilized without carefully weighing its appropriateness. *See e.g.*, *Mulbah*, 261 F.3d at 593 (court should have employed alternative sanction to protect integrity of pretrial procedures); *Stafford v. Miller Petroleum, Inc*., No. 3:11-CV-206-PLR-HBG, 2014 WL 2481878, *3 (E.D. Tenn. June 3, 2014). "[T]he sanction of dismissal is appropriate only if the [plaintiff's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Schafer*,

---

[1] Rule 37 of the Federal Rules of Civil Procedure provides that a Court may sanction a party for failure to respond to written discovery. Sanctions available are those enumerated in Rule 37(b)(2)(i)-(vii), including dismissal of a plaintiff's action if it is the plaintiff who has failed to respond. In addition to these sanctions, Rule 37(d)(3) authorizes awarding the injured party reasonable expenses, including attorney fees, caused by the other party's failure, unless that failure was substantially justified or an award of those expenses would be unjust. However, when given an opportunity in the Show Cause Order to timely supplement the record with evidence of reasonable fees and expenses *if* it intended to pursue such an award in the event Plaintiff's claims were dismissed, Defendant elected not to do so.

2

529 F.3d at 738 (quoting *Wu*, 420 F.3d at 644). When a court considers the appropriate sanction for failure to prosecute an action, the more the delay was occasioned by a plaintiff's personal obstruction, the more suitable the remedy of dismissal.

A court considering a dismissal as a sanction must weigh four factors, none of which is dispositive:

> whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

When applying the four factors to this case, I am convinced that dismissal with prejudice is completely appropriate. First, Plaintiff brought claims against Defendant, but has otherwise completely failed to participate in her cause of action. Given Plaintiff's failure to respond to Defendant's attempted communications or the Show Cause Order, I find she has acted in bad faith "either with intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on these proceedings." *Id.* at 643. Thus, the first factor heavily favors dismissal.

Second, I find Defendant has been significantly prejudiced in the development of its defense by Plaintiff's refusal to participate in disclosures or discovery. At a minimum, she has caused Defendant to be unable to secure requested information, and caused Defendant to waste time, effort, and money in pursuit of cooperation that Plaintiff was legally obligated to prove. *See*

3

*Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Therefore, the second factor clearly favors dismissal.

Third, the Court warned Plaintiff that failure to comply with its orders would result in dismissal of her action. Still, she deliberately disobeyed the Court's Show Cause Order. As a result, the third factor strongly favors dismissal.

Fourth and finally, it does not appear that less drastic measures would be effective in compelling Plaintiff to cooperate fully in the discovery process. For one reason, less drastic sanctions could not cure the harm. For others, I note Plaintiff has taken no steps to remedy or improve her conduct, has offered no justification for her actions or lack thereof, and has not suggested any other lesser sanction that could possibly be approximate. Thus, the final factor also favors dismissal. Therefore, after careful consideration, I **CONCLUDE** all factors strongly weigh in favor of dismissal under Rule 41(b) in spite of Plaintiff's pro se status.

Accordingly, I **RECOMMEND**[2] that this action be **DISMISSED WITH PREJUDICE**.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).